FILED
JAN 2 0 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN RICHARD HOBBS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. SA-03-CV-529-RF |
| | § | |
| STATE FARM MUTUAL, | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| Defendant. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF CONDITIONAL CLASS UNDER 29 U.S.C. § 216(b)**

BEFORE THE COURT is Plaintiff's Motion for Class Certification (Docket No. 4), filed on July 24, 2003, and Defendant's Response. Upon careful consideration, the Court holds that Plaintiff's Motion should be DENIED.

**Factual and Procedural Background**

The instant controversy involves a dispute for overtime wages, allegedly owed to employees by Defendant State Farm Mutual Automobile Insurance Co. ("State Farm"). In his complaint,[1] Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA")[2] on behalf of himself and others similarly situated. Plaintiff is no longer employed at State Farm, but was a Claim Specialist from August 1995 until his discharge on February 5, 2003.[3] Plaintiff claims that he was not compensated for overtime hours worked, in violation of the FLSA.

---

[1] Plaintiff's "Collective Action Complaint" was filed in the 57th Judicial District of Bexar County, Texas on May 21, 2003. Defendant removed to this Court on June 24, 2003.

[2] Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (2000).

[3] Plaintiff was employed by State Farm from 1972 until his discharge. D's Response, at Ex. A.



## Discussion

Plaintiff requests class certification under 29 U.S.C. § 216(b) for his FLSA claims and those of similarly situated potential plaintiffs. Defendant responds that after seven months, no other plaintiffs indicate an interest or intention in joining the action, and that no other individual could be similarly situated to Plaintiff Hobbs, due to evidence of poor performance prior to his discharge. State Farm also objects to Plaintiff's assertion that he was a non-exempt employee and argues that Hobbs is, in fact, exempt from the relevant FLSA overtime provisions. Because neither party has moved for a determination of exemption status and because the issue is not critical to the class certification analysis, the Court declines to rule on that issue. Instead, the Court finds that Plaintiff has failed to carry his burden in demonstrating that a group of similarly situated plaintiffs exist so as to merit class treatment.

The Fair Labor Standards Act permits an aggrieved employee to bring suit against an offending employer "for and in behalf of himself . . . and other employees similarly situated."[4] The FLSA representative action differs from the class action highlighted in Federal Rule of Civil Procedure 23 in that under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[5] Thus, FLSA class members must "opt-in" rather than "opt-out" from the class.[6]

---

[4] *Id.* § 216(b).

[5] *Id.* § 216(b). *See La Chapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288-89 (5th Cir. 1975) (finding that the Rule 23 class action and the § 216(b) representative action are "mutually exclusive and irreconcilable").

[6] *See Mooney v. ARAMCO Servs. Co.,* 54 F.3d 1207, 1212 (5th Cir. 1995) (citing *La Chapelle,* 513 F.2d at 289).

It is within a district court's discretion to allow a party asserting FLSA claims on behalf of others to notify potential class members that they may choose to "opt-in" to the suit.[7] Although the Fifth Circuit has specifically declined to adopt a specific approach in resolving the "similarly situated" inquiry under § 216(b), it has found no abuse of discretion where a district court employed the prevailing federal standard.[8] This test, originating in *Lusardi v. Xerox Corp.*,[9] consists of two considerations.

First, the district court must weigh whether the evidence presented by the plaintiff sufficiently demonstrates the existence of a "similarly situated" class of employees.[10] At this stage, the district court uses a "fairly lenient standard" to determine whether similarly situated persons exist, relying on information garnered from the pleadings, affidavits, or the "substantial allegations" of the plaintiff.[11] If the district court determines that certification is appropriate, then it may in its discretion "conditionally" certify the class and allow notice to the putative class members as well as the opportunity to participate in the lawsuit.[12] This first step is not automatic however; a plaintiff must provide a "preliminary factual showing that a similarly situated group of potential plaintiffs

---

[7] *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).

[8] *See Mooney,* 54 F.3d at 1212.

[9] 118 F.R.D. 351 (D.N.J. 1987).

[10] *See Mooney,* 54 F.3d at 1213-14.

[11] *Id.* at 1214 & n.8 (citation omitted); *see also Tucker v. Labor Leasing, Inc.,* 872 F.Supp. 941, 947 (M.D.Fla.1994) (citation omitted) (affirming that to establish that employees are similarly situated, a plaintiff must show that the employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions").

[12] *Id.* at 1214.

exists."[13]

At the second stage, usually at the completion of discovery and upon the defendant's motion, the district court reexamines the class to ensure that it is indeed composed of similarly situated members.[14] If the district court determines, in light of the developed record, that the class members are no longer similarly situated, then it may decertify the class and dismiss the opt-in plaintiffs without prejudice.[15] The original plaintiffs, or class representatives, proceed to trial on their individual claims.[16]

Here, Plaintiff seeks to trigger the FLSA's "opt-in" provision and assert that the putative class comprises all current and former employees of State Farm, who worked at any time from three years preceding the filing of the Original Complaint in this matter through the present.[17] In support of this end, Plaintiff has provided no support or evidence whatsoever. State Farm opposes a conditional certification of class on the grounds that Plaintiff has failed to carry his burden of demonstrating that similarly situated individuals exist and merit class treatment.[18] The Court agrees, and thus does not reach the second step of the *Lusardi* analysis.

In support of his motion, Plaintiff has filed no affidavit, nor other evidence, that other

---

[13] *D-Anna v. M/A-Com., Inc.*, 903 F.Supp. 889, 894 (D. Md. 1995); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 401 (E.D. Tex. 1999).

[14] *Mooney*, 54 F.3d at 1214.

[15] *Id.*

[16] *Id.*

[17] Pl's Mot. for Class Cert., at 2.

[18] *See e.g. Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 1999) ("Plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class they propose." (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983))).

individuals are similarly situated. Plaintiff provided no information in the form of affidavits or even substantiated allegations that would support either the existence of a potential class or the need for one in this matter. Based solely upon the bare allegation contained in his motion, the Court cannot find that a group of individuals is similarly situated in any respect and certainly not to the degree sufficient to warrant conditional certification under section 216(b). Therefore, the Court must deny Plaintiff's request for conditional class certification. In so doing, the Court does not consider the merits of Plaintiff's claims.[19]

## Conclusion

Based upon the foregoing, it is ORDERED that Plaintiff's Motion for Class Certification (Docket No. 4) is DENIED.

Signed this 20th day of January, 2004.

ROYAL FURGESON
UNITED STATES DISTRICT JUDGE

---

[19] *See e.g., Villatoro v. Kim Son Restaurant, L.P.*, 2003 WL 22299997, *3 (S.D. Tex. 2003); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 238 (N.D. N.Y. 2002).

R:\Callan\Civil\Hobbs\Hobbs Conditional Class.wpd - Page 5